UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

HISHAM A. KHALEEL,

Plaintiff,

- against -

SWISSPORT USA, INC.,

Defendants.

MEMORANDUM
AND ORDER
15-CV-4880 (JG)(VMS)

JOHN GLEESON, United States District Judge:

Plaintiff Hisham A. Khaleel, proceeding *pro se*, brings this action against his

former employer, Swissport USA, Inc. ("Swissport"), alleging that he was terminated in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"),

the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA"),

and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Khaleel's request

to proceed *in forma pauperis* is granted. For the reasons set forth below, the complaint is

dismissed and Khaleel is granted leave to amend his complaint within thirty (30) days of the date

of this Order.

STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), I should dismiss an *in forma pauperis* action

where I am satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted

by attorneys, and I am required to read Khaleel's *pro se* complaint liberally and interpret it as

1

raising the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

At the pleadings stage of a proceeding, I must assume the truth of "all well-

pleaded, nonconclusory factual allegations in the complaint."  *Kiobel v. Royal Dutch Petroleum*

*Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  A

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The plausibility standard does not impose an across-the-board, heightened fact

pleading standard.  *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008).  It does not "require[ ]

a complaint to include specific evidence [or] factual allegations in addition to those required by

Rule 8."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).  However, the

standard does impose an obligation to make factual allegations supporting a claim for relief.

BACKGROUND

Although it is difficult to discern precisely what Khaleel is complaining about, it

appears that he brings this action in connection with a four- or five-day period in September

2014, during which he participated in an employee training program run by Swissport.[1]  Compl.

at 3-4.  Khaleel alleges that after he was hired by Swissport and had almost completed the

training, he was told that he'd been removed from his position at Qatar Airways and moved to

Virgin Atlantic.  *Id.* at 4, 14.  Khaleel submits an employment discrimination form complaint in

---

[1]     I note that in 2003, plaintiff filed an employment discrimination suit against the same defendant, in which summary judgment for the defendant was granted on November 17, 2006. *See Khaleel v. Swissport USA, Inc.*, 03-CV-1469 (ARR).

which he puts forth claims of failure to hire, termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and harassment. *Id*. at 3. He checks off every box on the form complaint to indicate the bases of the discrimination alleged, including race ("Arabic & also Middle Eastern"), color ("white, non-hispanic/North African Mideastern"), gender/sex ("male"), religion ("I'm a 'Muslim' believer"), national origin ("Egyptian National"), disability ("violation of the A.D.A. & denying me reasonable accommodations") and age ("born in 1973"). *Id*.

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any

individual with respect to his compensation, terms, conditions or privileges or employment,

because of such individual's age . . . ."  29 U.S.C. § 623(a)(1).

In order to establish a prima facie case of age discrimination under Title VII or

the ADEA, a plaintiff must show: (1) that he was within the protected age group (more than 40

years old); (2) that he was qualified for his position; (3) that he experienced an adverse

employment action; and (4) that such action occurred under circumstances giving rise to an

inference of discrimination.  *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir.

2010) (citing *Carlton v. Mystic Transp. Inc*., 202 F.3d 129, 134 (2d Cir. 2000)).

The ADA provides that "no covered entity shall discriminate against a qualified

individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a prima facie

claim for discrimination under the ADA, a plaintiff must show "(1) [his] employer is subject to

the ADA; (2) []he suffers from a disability within the meaning of the ADA; (3) []he could

perform the essential functions of [his] job with or without reasonable accommodation; and (4)

[]he was fired because of [his] disability."  *Ryan v. Grae & Rybicki, P.C*., 135 F.3d 867, 869-70

(2d Cir. 1998).

Even under the most liberal interpretation of Khaleel's complaint, he provides no

facts that could possibly connect or link any adverse employment action to a protected status.

*See Littlejohn v. City of New York*, --- F.3d. ---, 2015 WL 4604250, at *8 (2d Cir. Aug. 3, 2015)

("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to

the ultimate question of whether the adverse employment action was attributable to

discrimination. They need only give plausible support to a minimal inference of discriminatory

motivation."); *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief.") (internal quotations omitted); *see also Arista Records*, 604 F.3d at 120-21 (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

CONCLUSION

Accordingly, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Khaleel's *pro se* status, he is granted thirty (30) days' leave to amend his complaint in accordance with this Order. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Khaleel's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates and include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII, the ADEA, and the ADA. Khaleel should attach a copy of the charge he filed with the New York State Division of Human Rights, as he did with his original complaint. However, Khaleel cannot rely on exhibits or other documents to replace a statement of claim.

Khaleel is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. The Clerk of Court is directed to forward an employment discrimination form complaint to Khaleel with this Order.

If Khaleel fails to comply with this Order within the time allowed, judgment dismissing the action shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


So ordered.


John Gleeson, U.S.D.J.


Dated: September 10, 2015
        Brooklyn, New York